## WALBRIDGE A. FIELD *vs.* JAMES CRAIG.

If two tenants in common of personal property have used the same in the prosecution of business, under an agreement as to the compensation of one of them, who was " to superintend the establishment," and who survives the other, the administrator of the deceased tenant in common may maintain a bill in equity to compel the survivor to exhibit an account of the transactions under said agreement, and of the manner in which the business was carried on.

BILL IN EQUITY by the administrator of the estate of Loring Norcross, setting forth, among other things, that in September or October 1860 the said Norcross, having been previously connected with the defendant in the business of printing and dyeing goods at Lynn, entered into an agreement with him for the

future transaction of the same business, by which the stock, machinery and fixtures then on hand were declared to belong to said Norcross & Craig as tenants in common ; all repairs were to be made, fuel, dye-stuffs, rent and help paid for, and the business carried on by Norcross ; and Craig was to superintend the establishment, and to receive in full for his services a certain sum per yard for every yard of goods printed. The bill further set forth that the business was carried on under this agreement until the death of Norcross in January 1863 ; that the title of Norcross to the property has become vested in the plaintiff, as administrator ; that after the death of Norcross the defendant continued to carry on said works and use the machinery and consume the fuel and dye-stuffs without the plaintiff's authority ; that the plaintiff has since demanded of the defendant some account of the said business, and desired possession of a part of the property, or a division or sale of the same ; that the defendant has refused to exhibit any account of the transactions between himself and Norcross, or any account of the manner in which said print-works have been carried on, or to account for the use of the machinery or the consumption of dye-stuffs, or to deliver to the plaintiff any part of said property, or to consent to a sale of the same. The prayer was for an account of the business and property, and the appointment of a receiver, and for other relief. The defendant filed a general demurrer, upon which the case was reserved by *Metcalf*, J. for the determination of the whole court.

*H. C. Hutchins*, for the defendant.

The plaintiff, *pro se.*

DEWEY, J. The matters alleged in this bill and the relief sought do not present the issue upon this demurrer as necessarily dependent upon the question of the right of one tenant in common of an article of personal property to compel a sale of the whole property against the wishes of his cotenant. The bill alleges not only a joint ownership of stock, machinery and fixtures, but a joint business, carried on by the parties. It alleges a refusal on the part of the defendant to render any account of the transactions between them, or of the manner in which the

work was carried on, as well as a refusal to deliver to the plain tiff any part of the property, or to consent to a sale of the same, and a division of the proceeds according to the respective rights of the parties.

The jurisdiction of a court of equity as to cases of tenancy in common, or joint interest in personal property, seems to be unquestionable. Gen. Sts. *c.* 113, § 2. *Ferry* v. *Henry*, 4 Pick. 75. In what mode and to what extent the court will interfere and order a sale of machinery and other personal property owned by tenants in common for the purpose of closing the concern, in case of the death of one of them, it is not necessary in the present stage of this case to decide.

This general demurrer to the whole bill must be overruled.